### EARNEST MALONE V. THE STATE.

No. 3972. Decided November 11, 1908.

**Aggravated Assault—Sufficiency of Evidence—Prosecuting Witness—Excessive use of Morphine.**

Where upon appeal from a conviction of aggravated assault it was contended that the prosecuting witness was an excessive user of morphine and that his memory was thereby so impaired that he was altogether irresponsible, but the record showed that his testimony was supported to some extent by the testimony of other witnesses, and it was not shown that his testimony was wholly unworthy of belief, the conviction is sustained.

Appeal from the County Court of Bowie. Tried below before the Hon. Sam H. Smelser.

Appeal from a conviction of aggravated assault; penalty, a fine of $5.

The opinion states the case.

No brief on file for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

RAMSEY, JUDGE.—Appellant was charged in the County Court of Bowie County with committing an aggravated assault upon one D. M. Smith. On trial he was found guilty of a simple assault and his punishment assessed at a fine of $5.

There is in the record, as it comes to us, neither charge of the court nor bills of exception nor any special charges requested. The only question which we can consider is the first assignment of error made in appellant's motion for a new trial to the effect that the verdict of the jury is contrary to the law and the evidence in that the evidence shows conclusively that defendant is not guilty of any violation of law, and that such verdict should not stand for the reason that the testimony of the prosecuting witness, on whose evidence alone the conviction is based, shows that he was an excessive user of morphine, that his memory is impaired, that he relates things as occurring when in fact they did not occur, and that he is altogether too irresponsible to be believed. The case is rather a singular one, and a strong attack is made upon the memory of the prosecuting witness. He is, however, supported by the testimony of other witnesses, to some extent, and we are not prepared to say under all

the circumstances that he is so wholly unworthy of belief as to justify us in reversing the judgment of the court below. The jury who heard his testimony and the court who tried the case were in a better situation than ourselves to pass fairly on his credibility. We do not believe, as presented, we would be authorized to reverse the judgment on the sole ground that the evidence does not support the verdict.

Finding no error in the proceedings below, the judgment is affirmed.

*Affirmed.*